B1 (Official Form 1) (12/11)

| UNITED STATES BANKRUPTCY COURT **Western District of Oklahoma** | **VOLUNTARY PETITION** |
|---|---|

| Name of Debtor (if individual, enter Last, First, Middle): GMX Resources, Inc. | Name of Joint Debtor (Spouse) (Last, First, Middle): |
|---|---|
| All Other Names used by the Debtor in the last 8 years (include married, maiden, and trade names): | All Other Names used by the Joint Debtor in the last 8 years (include married, maiden, and trade names): |
| Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): 4474 | Last four digits of Soc. Sec. or Individual-Taxpayer I.D. (ITIN)/Complete EIN (if more than one, state all): |
| Street Address of Debtor (No. and Street, City, and State): 9400 N. Broadway, Suite 600 Oklahoma City, OK                              ZIP CODE 73114 | Street Address of Joint Debtor (No. and Street, City, and State):                              ZIP CODE |
| County of Residence or of the Principal Place of Business: Oklahoma | County of Residence or of the Principal Place of Business: |
| Mailing Address of Debtor (if different from street address):                              ZIP CODE | Mailing Address of Joint Debtor (if different from street address):                              ZIP CODE |
| Location of Principal Assets of Business Debtor (if different from street address above):                              ZIP CODE | |

| **Type of Debtor** (Form of Organization) (Check one box.) | **Nature of Business** (Check **one** box.) | **Chapter of Bankruptcy Code Under Which the Petition is Filed** (Check one box.) |
|---|---|---|
| ☐ Individual (includes Joint Debtors) *See Exhibit D on page 2 of this form.* ☑ Corporation (includes LLC and LLP) ☐ Partnership ☐ Other (If debtor is not one of the above entities, check this box and state type of entity below.) | ☐ Health Care Business ☐ Single Asset Real Estate as defined in 11 U.S.C. § 101(51B) ☐ Railroad ☐ Stockbroker ☐ Commodity Broker ☐ Clearing Bank ☑ Other | ☐ Chapter 7      ☐ Chapter 15 Petition for ☐ Chapter 9          Recognition of a Foreign ☑ Chapter 11        Main Proceeding ☐ Chapter 12     ☐ Chapter 15 Petition for ☐ Chapter 13        Recognition of a Foreign                          Nonmain Proceeding |

| **Chapter 15 Debtors** Country of debtor's center of main interests: Each country in which a foreign proceeding by, regarding, or against debtor is pending: | **Tax-Exempt Entity** (Check box, if applicable.) ☐ Debtor is a tax-exempt organization under title 26 of the United States Code (the Internal Revenue Code). | **Nature of Debts** (Check **one** box.) ☐ Debts are primarily consumer   ☑ Debts are debts, defined in 11 U.S.C.          primarily § 101(8) as "incurred by an          business debts. individual primarily for a personal, family, or household purpose." |
|---|---|---|

| **Filing Fee** (Check one box.) | **Chapter 11 Debtors** |
|---|---|
| ☑ Full Filing Fee attached. ☐ Filing Fee to be paid in installments (applicable to individuals only). Must attach signed application for the court's consideration certifying that the debtor is unable to pay fee except in installments. Rule 1006(b). See Official Form 3A. ☐ Filing Fee waiver requested (applicable to chapter 7 individuals only). Must attach signed application for the court's consideration. See Official Form 3B. | **Check one box:** ☐ Debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). ☑ Debtor is not a small business debtor as defined in 11 U.S.C. § 101(51D). **Check if:** ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $2,343,300 (*amount subject to adjustment on 4/01/13 and every three years thereafter*). - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - **Check all applicable boxes:** ☐ A plan is being filed with this petition. ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b). |

| **Statistical/Administrative Information** | THIS SPACE IS FOR COURT USE ONLY |
|---|---|
| ☐ Debtor estimates that funds will be available for distribution to unsecured creditors. ☑ Debtor estimates that, after any exempt property is excluded and administrative expenses paid, there will be no funds available for distribution to unsecured creditors. | |

Estimated Number of Creditors

| ☐ 1-49 | ☐ 50-99 | ☐ 100-199 | ☐ 200-999 | ☐ 1,000-5,000 | ☐ 5,001-10,000 | ☑ 10,001-25,000 | ☐ 25,001-50,000 | ☐ 50,001-100,000 | ☐ Over 100,000 |
|---|---|---|---|---|---|---|---|---|---|

Estimated Assets

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

Estimated Liabilities

| ☐ $0 to $50,000 | ☐ $50,001 to $100,000 | ☐ $100,001 to $500,000 | ☐ $500,001 to $1 million | ☐ $1,000,001 to $10 million | ☐ $10,000,001 to $50 million | ☐ $50,000,001 to $100 million | ☑ $100,000,001 to $500 million | ☐ $500,000,001 to $1 billion | ☐ More than $1 billion |
|---|---|---|---|---|---|---|---|---|---|

B1 (Official Form 1) (12/11)                                                                                                    Page 2

| **Voluntary Petition**<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |  |
|---|---|---|

| **All Prior Bankruptcy Cases Filed Within Last 8 Years** (If more than two, attach additional sheet.) |||
|---|---|---|
| Location<br>Where Filed: | Case Number: | Date Filed: |
| Location<br>Where Filed: | Case Number: | Date Filed: |

| **Pending Bankruptcy Case Filed by any Spouse, Partner, or Affiliate of this Debtor** (If more than one, attach additional sheet.) |||
|---|---|---|
| Name of Debtor: | Case Number: | Date Filed: |
| District: | Relationship: | Judge: |

<table>
<tr>
<td>

**Exhibit A**

(To be completed if debtor is required to file periodic reports (e.g., forms 10K and 10Q) with the Securities and Exchange Commission pursuant to Section 13 or 15(d) of the Securities Exchange Act of 1934 and is requesting relief under chapter 11.)

☑  Exhibit A is attached and made a part of this petition.

</td>
<td>

**Exhibit B**

(To be completed if debtor is an individual whose debts are primarily consumer debts.)

I, the attorney for the petitioner named in the foregoing petition, declare that I have informed the petitioner that [he or she] may proceed under chapter 7, 11, 12, or 13 of title 11, United States Code, and have explained the relief available under each such chapter. I further certify that I have delivered to the debtor the notice required by 11 U.S.C. § 342(b).

X _____

Signature of Attorney for Debtor(s)        (Date)

</td>
</tr>
</table>

**Exhibit C**

Does the debtor own or have possession of any property that poses or is alleged to pose a threat of imminent and identifiable harm to public health or safety?

☐  Yes, and Exhibit C is attached and made a part of this petition.

☐  No.

**Exhibit D**

(To be completed by every individual debtor. If a joint petition is filed, each spouse must complete and attach a separate Exhibit D.)

☐  Exhibit D, completed and signed by the debtor, is attached and made a part of this petition.

If this is a joint petition:

☐  Exhibit D, also completed and signed by the joint debtor, is attached and made a part of this petition.

**Information Regarding the Debtor - Venue**
(Check any applicable box.)

☑  Debtor has been domiciled or has had a residence, principal place of business, or principal assets in this District for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other District.

☐  There is a bankruptcy case concerning debtor's affiliate, general partner, or partnership pending in this District.

☐  Debtor is a debtor in a foreign proceeding and has its principal place of business or principal assets in the United States in this District, or has no principal place of business or assets in the United States but is a defendant in an action or proceeding [in a federal or state court] in this District, or the interests of the parties will be served in regard to the relief sought in this District.

**Certification by a Debtor Who Resides as a Tenant of Residential Property**
(Check all applicable boxes.)

☐  Landlord has a judgment against the debtor for possession of debtor's residence. (If box checked, complete the following.)

_____

(Name of landlord that obtained judgment)

_____

(Address of landlord)

☐  Debtor claims that under applicable nonbankruptcy law, there are circumstances under which the debtor would be permitted to cure the entire monetary default that gave rise to the judgment for possession, after the judgment for possession was entered, and

☐  Debtor has included with this petition the deposit with the court of any rent that would become due during the 30-day period after the filing of the petition.

☐  Debtor certifies that he/she has served the Landlord with this certification. (11 U.S.C. § 362(l)).

B1 (Official Form 1) (12/11)                                                                                                          Page 3

| Voluntary Petition<br>*(This page must be completed and filed in every case.)* | Name of Debtor(s): |
|---|---|

| Signatures | |
|---|---|

| **Signature(s) of Debtor(s) (Individual/Joint)** | **Signature of a Foreign Representative** |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct.<br>[If petitioner is an individual whose debts are primarily consumer debts and has chosen to file under chapter 7] I am aware that I may proceed under chapter 7, 11, 12 or 13 of title 11, United States Code, understand the relief available under each such chapter, and choose to proceed under chapter 7.<br>[If no attorney represents me and no bankruptcy petition preparer signs the petition] I have obtained and read the notice required by 11 U.S.C. § 342(b).<br><br>I request relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X _____<br>   Signature of Debtor<br><br>X _____<br>   Signature of Joint Debtor<br><br>   Telephone Number (if not represented by attorney)<br><br>   Date | I declare under penalty of perjury that the information provided in this petition is true and correct, that I am the foreign representative of a debtor in a foreign proceeding, and that I am authorized to file this petition.<br><br>(Check only **one** box.)<br><br>☐ I request relief in accordance with chapter 15 of title 11, United States Code. Certified copies of the documents required by 11 U.S.C. § 1515 are attached.<br><br>☐ Pursuant to 11 U.S.C. § 1511, I request relief in accordance with the chapter of title 11 specified in this petition. A certified copy of the order granting recognition of the foreign main proceeding is attached.<br><br>X _____<br>   (Signature of Foreign Representative)<br><br>   (Printed Name of Foreign Representative)<br><br>   Date |

| **Signature of Attorney*** | **Signature of Non-Attorney Bankruptcy Petition Preparer** |
|---|---|
| X *William H. Hoch III*<br>   Signature of Attorney for Debtor(s)<br>   William H. Hoch III<br>   Printed Name of Attorney for Debtor(s)<br>   Crowe & Dunlevy, PC<br>   Firm Name<br><br>   20 N. Broadway, Ste. 1800<br>   Oklahoma City, OK 73102<br>   Address<br>   (405) 235-7700<br>   Telephone Number<br>   04/01/2013<br>   Date<br><br>*In a case in which § 707(b)(4)(D) applies, this signature also constitutes a certification that the attorney has no knowledge after an inquiry that the information in the schedules is incorrect. | I declare under penalty of perjury that: (1) I am a bankruptcy petition preparer as defined in 11 U.S.C. § 110; (2) I prepared this document for compensation and have provided the debtor with a copy of this document and the notices and information required under 11 U.S.C. §§ 110(b), 110(h), and 342(b); and, (3) if rules or guidelines have been promulgated pursuant to 11 U.S.C. § 110(h) setting a maximum fee for services chargeable by bankruptcy petition preparers, I have given the debtor notice of the maximum amount before preparing any document for filing for a debtor or accepting any fee from the debtor, as required in that section. Official Form 19 is attached.<br><br>_____<br>Printed Name and title, if any, of Bankruptcy Petition Preparer<br><br>_____<br>Social-Security number (If the bankruptcy petition preparer is not an individual, state the Social-Security number of the officer, principal, responsible person or partner of the bankruptcy petition preparer.) (Required by 11 U.S.C. § 110.) |

| **Signature of Debtor (Corporation/Partnership)** | |
|---|---|
| I declare under penalty of perjury that the information provided in this petition is true and correct, and that I have been authorized to file this petition on behalf of the debtor.<br><br>The debtor requests the relief in accordance with the chapter of title 11, United States Code, specified in this petition.<br><br>X *Michael Rohleder*<br>   Signature of Authorized Individual<br>   Michael Rohleder<br>   Printed Name of Authorized Individual<br>   President<br>   Title of Authorized Individual<br>   03/30/2013<br>   Date | _____<br>Address<br><br>X _____<br>   Signature<br><br>_____<br>   Date<br><br>Signature of bankruptcy petition preparer or officer, principal, responsible person, or partner whose Social-Security number is provided above.<br><br>Names and Social-Security numbers of all other individuals who prepared or assisted in preparing this document unless the bankruptcy petition preparer is not an individual.<br><br>If more than one person prepared this document, attach additional sheets conforming to the appropriate official form for each person.<br><br>*A bankruptcy petition preparer's failure to comply with the provisions of title 11 and the Federal Rules of Bankruptcy Procedure may result in fines or imprisonment or both. 11 U.S.C. § 110; 18 U.S.C. § 156.* |

**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF OKLAHOMA**

|  |  |
|---|---|
| In re: | Chapter 11 |
| GMX RESOURCES INC., | Case No. 13-_____ (____) |
| DIAMOND BLUE DRILLING CO., | Case No. 13-_____ (____) |
| ENDEAVOR PIPELINE INC. | Case No. 13-_____ (____) |
| Debtors. | Joint Administration Requested |

**EXHIBIT "A" TO VOLUNTARY PETITION**

1.      The securities of GMX Resources, Inc. ("GMXR") identified below are registered under section 12 of the Securities and Exchange Act of 1934.  The SEC file number is 001-32977.

2.      The following financial data, which is consolidated among GMXR and certain of its subsidiaries which are also debtors in these chapter 11 cases, is the latest available information and refers to GMXR and its debtor-subsidiaries' condition as of the dates set forth below.

      a.   Total assets[1]                    $281,123,000

      b.   Total liabilities[1]           $458,510,000

      c.   Debt securities:[2]

| TITLE | OUTSTANDING PRINCIPAL AMOUNT | CUSIPS/ ISINS |
|---|---|---|
| 4.50% Convertible Senior notes Due 2015 | $48,296,000 | 38011MAJ71/ US38011MAJ71 |
| Series A Senior Secured Notes Due 2017 | $294,340,000 | 38011MAN8/ US38011MAN83 <br><br> 38011MAP3/ US38011MAP32 <br><br> U3822VAC2/ USU3822VAC29 |

---

[1] As of [December 31, 2012] (Unaudited).

[2] As of March 29, 2013.  GMXR is unable to determine the precise number of holders of its debt securities. Accordingly, GMXR elects to identify all outstanding debt securities in response to this inquiry.

1

| Series B Senior Secured Notes Due 2017 | $30,000,000 | 38011MAS7/ US38011MAS70<br><br>U3822VAD0/ USU3822VAD02<br><br>38011MAT5/ US38011MAT53<br><br>38011MAU2/ US38011MAU27 |
|---|---|---|
| Senior Secured Second-Priority Notes Due 2018 | $51,458,000 | 38011MAR9/ US38011MAR7 |
| 11.375% Senior Notes Due 2019 | $1,970,000 | 38011MAK4/ US38011MAK45<br><br>38011MAM0/ US38011MAM01 U3822VAB4/ USU3822VAB46 |

      d.     As of March 29, 2013, GMXR had one series of preferred stock issued and outstanding: 2,041,169 shares of 9.25% Series B Cumulative Preferred Stock.

      e.     As of March 29, 2013, GMXR had 31,283,353 shares of common stock outstanding.

3.          Brief description of GMXR's business:

GMXR is an independent oil and gas exploration and production company that was founded in 1998 and publicly traded since 2001. GMXR has development acreage in two oil resource plays -- the Williston Basin (North Dakota and Montana) and the DJ Basin (Wyoming), targeting the Bakken Three Forks and Niobrara formations, respectively. The company also operates in two natural gas/liquids rich resource plays -- the Haynesville/Bossier formation and the Cotton Valley Sand formation in the East Texas Basin.

GMXR has three subsidiaries; Diamond Blue Drilling Co., which has *de minimis* assets; Endeavor Pipeline Inc. ("Endeavor Pipeline"), which operates the natural gas gathering system in the East Texas Basin; and Endeavor Gathering, LLC ("Endeavor Gathering"), which owns the natural gas gathering system and related equipment operated by Endeavor Pipeline. A 40% member interest in Endeavor Gathering is owned by Kinder Morgan Endeavor LLC. Endeavor Gathering is not a debtor.

GMXR's principal executive office is located at 9400 North Broadway, Suite 600, Oklahoma City, Oklahoma, 73114. GMXR's telephone number is (405) 600-0711.

4.    List of the names of any person who directly or indirectly owns, controls, or holds, with power to vote, 5% or more of the voting securities of GMXR based on the latest date such persons have filed reports of beneficial ownership with the SEC:

| TITLE OF CLASS OF STOCK | NAME OF BENEFICIAL OWNER | AMOUNT AND NATURE OF BENEFICIAL OWNERSHIP | PERCENTAGE OF COMMON STOCK |
| --- | --- | --- | --- |
| Common Stock | Chatham Asset Management, LLC (1) | 505,198 | 6.82% |
| Common Stock | Anthony Melchiorre (1) | 505,198 | 6.82% |
| Common Stock | Chatham Asset High Yield Master Fund, Ltd. (2) | 391,422 | 5.3% |
| Common Stock | Blackstone Holdings I L.P. (3)(4)(5) | 519,805 | 7.0% |
| Common Stock | Blackstone Holdings I/II GP Inc. (3)(4)(5) | 519,805 | 7.0% |
| Common Stock | The Blackstone Group L.P. (3)(4)(5) | 519,805 | 7.0% |
| Common Stock | Blackstone Group Management L.L.C. (3)(4)(5) | 519,805 | 7.0% |
| Common Stock | Stephen Schwartzman (3)(4)(5) | 519,805 | 7.0% |
| Common Stock | Bennett J. Goodman (3)(4)(6) | 519,805 | 7.0% |
| Common Stock | J. Albert Smith III (3)(4)(6) | 519,805 | 7.0% |
| Common Stock | Douglas I. Ostrover (3)(4)(6) | 519,805 | 7.0% |
| Common Stock | GSO Capital Partners LP (3)(4)(6) | 448,218 | 6.1% |
| Common Stock | GSO Advisor Holdings L.L.C. (3)(4)(6) | 448,218 | 6.1% |

(1) Information was obtained from Schedule 13D filed by the beneficial owners on March 11, 2013.  The address or principal business office of each of Chatham Asset Management, LLC and Anthony Melchiorre is 26 Main Street, Suite 204, Chatham, New Jersey 07928.

(2) Information was obtained from Schedule 13G filed by the beneficial owner on December 17, 2012, as adjusted to reflect GMXR's 13-for-1 reverse stock split on January 3 , 2013.  The address or principal business office of Chatham Asset High Yield Master Fund, Ltd. is 89 Nexus Way, Camana Bay, Grand Cayman KY1-9007, Cayman Islands.

(3) Information was obtained from Schedule 13D filed by the beneficial owners on March 11, 2013.

(4) GSO Advisor Holdings L.L.C. is the general partner of GSO Capital Partners LP. Blackstone Holdings I L.P. is a managing member of each of GSO Holdings I L.L.C. and GSO Advisor Holdings L.L.C. Blackstone Holdings I/II GP Inc. is the general partner of Blackstone Holdings I L.P. The Blackstone Group L.P. is the controlling shareholder of Blackstone Holdings I/II GP Inc. Blackstone Group Management L.L.C. is the general partner of The Blackstone Group L.P. Blackstone Group Management L.L.C. is wholly owned by Blackstone's senior managing directors and controlled by its founder, Stephen A. Schwarzman. Bennett J. Goodman, J. Albert Smith III and Douglas I. Ostrover may be deemed to have shared voting power and/or investment power with respect to the common stock held by the GSO Funds.

(5) The address or principal business office of each of GSO Capital Partners LP, GSO Advisor Holdings L.L.C., Bennett J. Goodman, J. Albert Smith III and Douglas I. Ostrover is c/o GSO Capital Partners LP, 345 Park Avenue, New York, NY 10154.

(6) The address or principal business office of each of Blackstone Holdings I L.P., Blackstone Holdings I/II GP Inc., The Blackstone Group L.P., Blackstone Group Management L.L.C. and Stephen A. Schwarzman is c/o The Blackstone Group, 345 Park Avenue, New York, NY 10154.

## SCHEDULE 1 - AFFILIATED DEBTORS

The following list identifies all of the affiliated entities, including the Debtor filing this petition (collectively, the "Debtors"), that have filed voluntary petitions for relief under title 11 of the United States Code, 11 U.S.C. §§ 101-1330, as amended, in the United States Bankruptcy court for the Western District of Oklahoma substantially contemporaneously with the filing of this petition. The Debtors have filed a motion requesting that their chapter 11 cases be jointly-administered pursuant to Rule 1015(b) of the Federal Rules of Bankruptcy Procedure.

1. GMX Resources, Inc.

2. Diamond Blue Drilling Co.

3. Endeavor Pipeline, Inc.

## CONSOLIDATED LIST OF UNSECURED CREDITORS
## HOLDING THE THIRTY LARGEST UNSECURED CLAIMS

Following is a consolidated list of unsecured creditors holding the 30 largest unsecured claims against GMX Resources Inc., Diamond Blue Drilling Co., and Endeavor Pipeline, Inc. (collectively, the "Debtors"), as of approximately April 1, 2013. The list has been prepared on a consolidated basis, based upon the current records of the Debtors that have contemporaneously commenced chapter 11 cases in this Court. Related entities may be listed in a consolidated basis on this chart. In setting forth the approximate amount of each claim, the Debtors may have used estimates for market values for securities and currencies and related company offsets. Certain accuracy, and values listed herein may vary substantially from fair value.

The Debtors have not yet identified which of the 30 largest unsecured creditors, if any, are contingent, unliquidated, disputed and/or subject to setoff. The Debtors reserve all rights with respect to the creditors listed on this schedule, including the right to identify any of them as contingent, unliquidated, disputed and/or subject to setoff, as appropriate. The amounts are based on the Debtors' records at the time this schedule was filed. The Debtors may continue to reconcile the amount on this schedule, and accordingly, neither the Debtors nor their professionals can guaranty that such numbers are accurate at this time. The information presented in this list shall not constitute an admission by, nor is it binding on, the Debtors.

The list is prepared in accordance with Fed. R. Bankr. P. 1007(d) for filing in this chapter 11 case. The list does not include (1) persons who come within the definition of "insider" set forth in 11 U.S.C. § 101 or (2) secured creditors unless the value of the collateral is such that the unsecured deficiency places the creditor among the holders of the 30 largest unsecured claims.

# GMX RESOURCES, INC.

## CONSOLIDATED LIST OF CREDITORS HOLDING 30 LARGEST UNSECURED CLAIMS

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Notes due December 2017 | | $307,094,733[1] |
| 2 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Second-Priority Notes due March 2018 | | $54,734,159[2] |
| 3 | The Bank of New York Mellon | Trust Company, N. A. 10161 Centurion Parkway Jacksonville,, FL 32256 Fax: 904-645-1921 | 4.50% Convertible Senior Notes due May 2015 | | $49,201,550 |
| 4 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Notes Series B due December 2017 | | $31,425,000[3] |
| 5 | Penn Virgina Oil & Gas, LP | C/O Lillard, Wise, Szygenda, PLLC 5949 Sherry Lane, Suite 1255 Dallas, TX 75225 Fax: 214-739-2010 | Timmins #3HR Arbitration/Joint Venture Financing | Disputed | $4,323,876 |
| 6 | Helmerich & Payne | International Drilling Co. 1437 South Boulder Ave Tulsa, OK 74119 Phone: 918-742-5531 Fax: 918-742-0237 | Trade Vendor | | $3,669,210 |
| 7 | Cudd Pumping Services, Inc. | DBA Cudd Drilling & Measurement Services, Cudd Energy Services 8032 Main Street | Trade Vendor | | $3,484,549 |

---

[1] This amount represents the current outstanding balance on the Senior Secured Notes. At this time, the Debtors believe that such Senior Secured Notes may be partially unsecured and, therefore, they are included.

[2] This amount represents the current outstanding balance on the Second Priority Notes. At this time, the Debtors believe that such Second Priority Notes may be partially unsecured and, therefore, they are included.

[3] This amount represents the current outstanding balance on the Series B Senior Secured Notes. At this time, the Debtors believe that such Series B Senior Secured Notes may be partially unsecured and, therefore, they are included.

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| | | Houma, LA 70360￼Phone: 985-853-6550￼Fax: 832-295-4555￼Email: cpinfo@cudd.com | | | |
| 8 | Continental Resources, Inc. | P.O. Box 269091￼Oklahoma City, OK 73126￼Phone: 405-234-9215￼Fax: 405-234-9253 | Trade Vendor | | $3,440,717 |
| 9 | The Bank of New York Mellon | Trust Company, N. A.￼10161 Centurion Parkway￼Jacksonville,, FL 32256￼Fax: 904-645-1921 | 11.375% Senior Notes due February 2019 | | $1,998,011 |
| 10 | Williams Southern Company, LLC | Attn: Laken McDonald￼46 Don Curt Road￼Laurel, MS 39440￼Phone: 601-428-2214￼Fax: 601-649-2292￼Email: laken@williamsco.net | Trade Vendor | Disputed | $1,801,825 |
| 11 | GX Technology Corporation | 2105 Citywest Blvd.￼Suite 900￼Houston, TX 77042￼Phone: 713-789-7250￼Fax: 713-789-7201 | Trade Vendor | | $1,387,200 |
| 12 | Don and Jeannie Crutcher | Attn: Bryan D. Bruner￼C/O Burner & Pappas, LLP￼3700 West 7th Street￼Ft Worth, TX 76107-2536￼Fax: 817-332-6619 | Litigation Settlement | Disputed | $929,285 |
| 13 | Regency Intrastate Gas LP | Attn: KATHY CLEMMER￼2001 Bryan Street, Ste 3700￼Dallas, TX 75201￼Phone: 214-840-5537￼Fax: 214-750-1749 | Trade Vendor | | $885,000 |
| 14 | Tomye Haynes and John H. Haynes, Jr. et. al. | Attn: Bryan D. Bruner￼C/O Burner & Pappas, LLP￼3700 West 7th Street￼Ft Worth, TX 76107-2536￼Fax: 817-332-6619 | Litigation Settlement | Disputed | $810,374 |
| 15 | East Texas Exploration, LLC | Attn: Jerry Williams￼775 W. Covell Road, Suite 100￼Edmond, OK 73003￼Phone: 405-562-7356￼Fax: 405-471-5223 | Trade Vendor | | $689,197 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 16 | Weatherford International, Inc. | Attn: Lori V. Graham C/O Dore Mahoney Law Group P. C. 17171 Park Row, Suite 160 Houston, TX 77084 Fax: 281-200-0751 | Trade Vendor | Disputed | $666,790 |
| 17 | Pyramid Tubular Products, L.P. | P.O. BOX 203929 HOUSTON, TX 77216-3929 Phone: 281-405-8090 Fax: 281-405-8089 Email: pyramid@pyramidtubular.com | Trade Vendor | | $653,198 |
| 18 | Casedhole Solutions, Inc. | 1160 Dairy Ashford Suite 150 Houston, TX 77079 Phone: 903-894-1005 Fax: 903-894-8317 | Trade Vendor | | $619,297 |
| 19 | Vision Oil Tools | 13557 58th St. Williston, ND 58801 Phone: 701-774-6170 Fax: 307-382-4151 Email: info@visionoiltools.com | Trade Vendor | | $467,174 |
| 20 | MBI Energy Logistics LLC | 12980 35th Street SW Belfield, ND 58622 Phone: 701-575-8242 Fax: 701-575-4160 | Trade Vendor | | $449,506 |
| 21 | Missouri Basin Well Service, Inc. | Attn: Sue Berger DBA MBI Energy Services 12980 35th Street SW Belfield, ND 58622 Phone: 701-559-1123 Fax: 701-575-4160 Email: sberger@mobasin | Trade Vendor | | $418,910 |
| 22 | Whiting Oil and Gas Corporation | Attn: David M. Seery P. O. Box 973539 Dallas, TX 75397-3539 Phone: 303-357-1470 Fax: 303-861-4023 | Working Interest Owner | | $396,636 |
| 23 | Dual Trucking Inc. | P.O. Box 1438 Scott, LA 70583 Phone: 337-261-9133 Fax: 337-234-3646 | Trade Vendor | | $382,721 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 24 | Blackhawk Energy Services, Inc | 139 Missouri<br>Bloomfield, NM 87413<br>Phone: 505-632-5900<br>Fax: 505-632-6719 | Trade Vendor | | $374,460 |
| 25 | JNS Trucking, Inc. | 2303 West 50th Street, Suite A<br>Sioux Falls, SD 57105<br>Phone: 605-274-8628<br>Email: team@jdfinancials.com | Trade Vendor | | $371,119 |
| 26 | Rolfson Oil, Inc. | P.O. Box 1257<br>Watford City, ND 58854<br>Phone: 701-842-2949<br>Fax: 866-772-2067 | Trade Vendor | | $366,093 |
| 27 | Alfred E. Lacy, AK. Lacy and Robert Tiller | C/O Thomas H. Brown, PLLC<br>116 North Kilgore Street<br>Kilgore, TX 75662<br>Phone: 903-984-0999<br>Fax: 903-984-2697 | Litigation Settlement | Disputed | $363,000 |
| 28 | Endeavor Gathering, LLC | Attn: Harry Stahl<br>9400 N. Broadway, Suite 600<br>Oklahoma City, OK 73114<br>Fax: 405-600-0600 | Trade Vendor | | $327,280 |
| 29 | ConocoPhillips | 600 N. Dairy Ashford<br>3WL-5070<br>Houston, TX 77079<br>Phone: 281-293-1000<br>Fax: 918-661-5544 | Farmout Agreement | Contingent | $300,000 |
| 30 | Badger Pressure Control LLC | Attn: Kelly Miller<br>P. O. Box 1246<br>Woodward, OK 73802<br>Phone: 580-256-9555<br>Fax: 580-256-9559 | Trade Vendor | | $276,700 |

I, Jim Merrill of GMX Resources Inc., declare under penalty of perjury that I have read the foregoing list and that it is true and correct to the best of my knowledge, information, and belief.

Dated: Oklahoma City, Oklahoma

March 30, 2013                    GMX RESOURCES INC.

_____

Name: Jim Merrill
Title: Chief Financial Officer of GMX Resources Inc.

**EXHIBIT A TO VOLUNTARY PETITION**

7

2432512.01

## GMX RESOURCES, INC.

## CREDITORS HOLDING 20 LARGEST UNSECURED CLAIMS

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 1 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Notes due December 2017 | | $307,094,733[1] |
| 2 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Second-Priority Notes due March 2018 | | $54,734,159 [2] |
| 3 | The Bank of New York Mellon | Trust Company, N. A. 10161 Centurion Parkway Jacksonville,, FL 32256 Fax: 904-645-1921 | 4.50% Convertible Senior Notes due May 2015 | | $49,201,550 |
| 4 | U. S. Bank | 1555 N. Rivercenter Drive Suite #302 Milwaukee, WI 53212 Fax: 414-905-5057 | Senior Secured Notes Series B due December 2017 | | $31,425,000[3] |
| 5 | Penn Virgina Oil & Gas, LP | C/O Lillard, Wise, Szygenda, PLLC 5949 Sherry Lane, Suite 1255 Dallas, TX 75225 Fax: 214-739-2010 | Timmins #3HR Arbitration/Joint venture financing | Disputed | $4,323,876 |
| 6 | Helmerich & Payne | International Drilling Co. 1437 South Boulder Ave Tulsa, OK 74119 Phone: 918-742-5531 Fax: 918-742-0237 | Trade Vendor | | $3,669,210 |
| 7 | Cudd Pumping Services, Inc. | DBA Cudd Drilling & Measurement Services, Cudd Energy Services 8032 Main Street | Trade Vendor | | $3,484,549 |

[1] This amount represents the current outstanding balance on the Senior Secured Notes. At this time, the Debtors believe that such Senior Secured Notes may be partially unsecured and, therefore, they are included.

[2] This amount represents the current outstanding balance on the Second Priority Notes. At this time, the Debtors believe that such Second Priority Notes may be partially unsecured and, therefore, they are included.

[3] This amount represents the current outstanding balance on the Series B Senior Secured Notes. At this time, the Debtors believe that such Series B Senior Secured Notes may be partially unsecured and, therefore, they are included.

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| | | Houma, LA 70360<br>Phone: 985-853-6550<br>Fax: 832-295-4555<br>Email: cpinfo@cudd.com | | | |
| 8 | Continental Resources, Inc. | P.O. Box 269091<br>Oklahoma City, OK 73126<br>Phone: 405-234-9215<br>Fax: 405-234-9253 | Trade Vendor | | $3,440,717 |
| 9 | The Bank of New York Mellon | Trust Company, N. A.<br>10161 Centurion Parkway<br>Jacksonville,, FL 32256<br>Fax: 904-645-1921 | 11.375% Senior Notes due February 2019 | | $1,998,011 |
| 10 | Williams Southern Company, LLC | Attn: Laken McDonald<br>46 Don Curt Road<br>Laurel, MS 39440<br>Phone: 601-428-2214<br>Fax: 601-649-2292<br>Email: laken@williamsc.com | Trade Vendor | Disputed | $1,801,825 |
| 11 | GX Technology Corporation | 2105 Citywest Blvd.<br>Suite 900<br>Houston, TX 77042<br>Phone: 713-789-7250<br>Fax: 713-789-7201 | Trade Vendor | | $1,387,200 |
| 12 | Don and Jeannie Crutcher | Attn: Bryan D. Bruner<br>C/O Burner & Pappas, LLP<br>3700 West 7th Street<br>Ft Worth, TX 76107-2536<br>Fax: 817-332-6619 | Litigation Settlement | Disputed | $929,285 |
| 13 | Tomye Haynes and John H. Haynes, Jr. et. al. | Attn: Bryan D. Bruner<br>C/O Burner & Pappas, LLP<br>3700 West 7th Street<br>Ft Worth, TX 76107-2536<br>Fax: 817-332-6619 | Litigation Settlement | Disputed | $810,374 |
| 14 | Weatherford International, Inc. | Attn: Lori V. Graham<br>C/O Dore Mahoney Law Group P. C.<br>17171 Park Row, Suite 160<br>Houston, TX 77084<br>Fax: 281-200-0751 | Trade Vendor | Disputed | $666,790 |
| 15 | Pyramid Tubular Products, L.P. | P.O. BOX 203929<br>HOUSTON, TX 77216-3929<br>Phone: 281-405-8090<br>Fax: 281-405-8089<br>Email:<br>pyramid@pyramidtubular.com | Trade Vendor | | $653,198 |

| Rank | Name of Creditor | Name, Telephone Number and Complete Mailing Address Including Zip Code of Employee, Agent, or Department of Creditor Familiar with Claim Who May be Contacted | Nature of Claim (Trade Debt, Bank Loan, Government Contract, etc.) | Indicate if Claim is Contingent, Unliquidated, Disputed, or Subject to Setoff | Amount of Claim |
|---|---|---|---|---|---|
| 16 | Casedhole Solutions, Inc. | 1160 Dairy Ashford Suite 150 Houston, TX 77079 Phone: 903-894-1005 Fax: 903-894-8317 | Trade Vendor | | $619,297 |
| 17 | Vision Oil Tools | 13557 58th St. Williston, ND 58801 Phone: 701-774-6170 Fax: 307-382-4151 Email: info@visionoiltools.com | Trade Vendor | | $467,174 |
| 18 | MBI Energy Logistics LLC | 12980 35th Street SW Belfield, ND 58622 Phone: 701-575-8242 Fax: 701-575-4160 | Trade Vendor | | $449,506 |
| 19 | Missouri Basin Well Service, Inc. | DBA MBI Energy Services Attn: Sue Berger 12980 35th Street SW Belfield, ND 58622 Phone: 701-559-1123 Fax: 701-575-4160 Email: sberger@mobasin.com | Trade Vendor | | $418,910 |
| 20 | Dual Trucking Inc. | P.O. Box 1438 Scott, LA 70583 Phone: 337-261-9133 Fax: 337-234-3646 | Trade Vendor | | $382,721 |

## DECLARATION UNDER PENALTY OF PERJURY
## ON BEHALF OF A CORPORATION OR PARTNERSHIP

      I, Jim Merrill, Chief Financial Officer for GMX Resources, Inc., named as the debtor in this case, declare under pentalty of perjury that I have read the foregoing List of Top 20 Creditors and that it is true and correct to the best of my information and belief.

      Date: _____

                           _____
                           Jim Merrill, Chief Financial Officer

### GMX RESOURCES INC.

### RESOLUTIONS OF BOARD OF DIRECTORS

### March 30, 2013

**Chapter 11 Filings**

WHEREAS, GMX Resources Inc., an Oklahoma corporation (the "Company"), is the ultimate parent company of each of Diamond Blue Drilling Co. and Endeavor Pipeline Inc. (collectively, the "Subsidiaries," and each a "Subsidiary"), each an Oklahoma corporation; and

WHEREAS the Board of Directors of the Company (the "Board"), acting on behalf of the Company in the Company's individual capacity and in the Company's capacity as the sole shareholder of each Subsidiary (collectively, the "Applicable Capacities"), deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, shareholders and employees, that the Company and each Subsidiary file petitions seeking relief under the provisions of chapter 11 of title 11 of the United States Code (the "Bankruptcy Code");

NOW THEREFORE, BE IT RESOLVED, that the law firm of Andrews Kurth LLP be engaged as bankruptcy counsel for the Company and each Subsidiary, under a general retainer, in the Chapter 11 Case of the Company and the Subsidiaries (the "Chapter 11 Case"), subject to any requisite bankruptcy court approval; and further

RESOLVED, that the law firm of Crowe & Dunlevy, P.C. be engaged as co-counsel for the Company and each Subsidiary, under a general retainer, in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the investment bank and financial advisory firm of Jefferies, LLC. be engaged as transaction and restructuring advisors for the Company and each Subsidiary in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the consulting firm of Epiq Bankruptcy Solutions, LLC be engaged as claims, balloting, and notice agent for the Company and each Subsidiary in the Chapter 11 Case, subject to any requisite bankruptcy court approval; and further

RESOLVED, that the officers of the Company (each, an "Authorized Officer" and collectively, the "Authorized Officers") be, and they hereby are, authorized and empowered to engage and employ, or cause any Subsidiary to engage and employ, such other law firms, consultants or companies, as may be necessary and appropriate and subject to any requisite bankruptcy court approval, including without limitation, to act as ordinary course, special and/or conflicts counsel for the Company and each Subsidiary, under a general retainer, to assist the Company and each Subsidiary in the Chapter 11 Case and to perform other tasks related to the Company's and each Subsidiary's Chapter 11 Case, or to cause any Subsidiary (including in their capacity as directors or causing any director of any Subsidiary) to authorize and direct the

same; and further

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such Authorized Officer, be, and they hereby are, authorized and empowered, in the name of and behalf of the Company acting in the Applicable Capacities to execute, verify, and file all petitions, schedules, motions, lists, applications, pleadings and other papers, and in that connection, to employ and retain all assistance by legal counsel, accountants, financial advisors and other professionals and to perform any and all further acts and deeds the Authorized Officers deem necessary, proper or desirable in connection with the Chapter 11 Case with a view to the successful prosecution of the Chapter 11 Case; and further

RESOLVED, that in connection with the commencement of the Chapter 11 Case by the Company and each Subsidiary, the Authorized Officers be, and they hereby are, authorized and empowered on behalf of, and in the name of, the Company, acting on behalf of the Company acting in the Applicable Capacities to negotiate, execute and deliver a cash collateral stipulation on the terms and conditions such officer or officers executing the same may consider necessary, proper or desirable, such determination to be conclusively evidenced by such execution or the taking of such action, and to consummate the transactions contemplated by such agreements or instruments on behalf of the Company acting in the Applicable Capacities; and further

RESOLVED, that the Authorized Officers, and any employees or agents (including counsel) designated by or directed by any such Authorized Officer, be, and they hereby are, authorized and empowered, in the name of, and on behalf of the Company, acting on behalf of the Company acting in the Applicable Capacities, to cause the Company and each Subsidiary to enter into, execute, deliver, certify, file and record, and perform, such agreements, instruments, motions, affidavits, applications for approvals or rulings of governmental or regulatory authorities, certifications or other documents, institute adversary proceedings, and to take such other actions, as in the judgment of such officer shall be or become necessary, proper and desirable to effectuate a successful reorganization of the Company's and each Subsidiary's businesses; and further

RESOLVED, that, in the judgment of the Board, acting on behalf of the Company acting in the Applicable Capacities, it is desirable and is in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, shareholders and employees, and other interested parties, that the Authorized Officers file a petition on behalf of, and in the name of, the Company acting in the Applicable Capacities seeking relief under the provisions of Chapter 11 of the Bankruptcy Code;

## Debtor-in-Possession Financing Agreement

WHEREAS, the Company proposes to enter into a Super Priority Debtor-in-Possession Credit and Guaranty Agreement (the "DIP Agreement") by and among the Company, as borrower, certain Subsidiaries, as guarantors, Cantor Fitzgerald Securities, as administrative agent ("Agent"), and other lenders named therein, as lenders (the "DIP Lenders"), a form of which has been submitted to and reviewed by the Authorized Officers; and

WHEREAS, the DIP Agreement provides the Company a senior secured super-priority debtor-in-possession revolving credit facility that would permit borrowings of not less than $50 million outstanding at any one time (the "Financing"); and

WHEREAS, the Company, as borrower, desires to obtain the Financing to fund (a) general working capital and operating costs and expenses (including, without limitation, the costs of administering the Chapter 11 Cases of the Company and Subsidiaries) of the Company and Subsidiaries, (b) severance and incentive payments to employees of the Company and Subsidiaries, (c) fees of professional advisors to the Company and Subsidiaries, and (d) all fees charged by the Agent and DIP Lenders (the "DIP Fees") in connection with the Financing, subject to the all conditions set forth in the DIP Agreement, and subject to approval by the bankruptcy court; and

WHEREAS, in connection with the Financing and pursuant to the DIP Agreement, the Company's Subsidiaries may be required to enter into a Guaranty (the "Guaranty") in favor of the Agent (for the benefit of the Secured Parties, as defined therein), to guarantee all the Indebtedness (as defined in the DIP Agreement); and

WHEREAS, in connection with the Financing, the Company and one or more Subsidiaries (as applicable) may be required to pledge and grant a first priority lien and security interest to Agent (on behalf of the Secured Parties, as defined therein) in certain of their respective assets, including without limitation cash, cash equivalents, accounts, deposit accounts, inventory, equipment, general intangibles, certain investment property, equity interests in the Subsidiaries, fixtures, guaranties, swap contract payments, insurance benefits, and warranties (the "Collateral"), pursuant to the terms and conditions of the Financing Agreements (as defined in the DIP Agreement); and

WHEREAS, the Board, acting on behalf of the Company acting in the Applicable Capacities, deems it advisable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, shareholders and employees, and other interested parties (as applicable) (a) enter into the DIP Agreement and certain additional Financing Agreements and agreements constituting exhibits to the DIP Agreement in which each is named as a party, and certain other agreements, documents, guaranties, promissory notes, certificates, control agreements, security agreements, pledge agreements, instruments of pledge, assignments, assignments of earnings, assignments of insurance, financing statements, designations, transfers, endorsements, and related instruments and documents (collectively with the DIP Agreement and the Financing Agreements, the "Financing Documents"), (b) satisfy any obligations of the Company and each Subsidiary under the Commitment Letter, (c) effect the Financing and other transactions contemplated thereby, and (d) authorize the Authorized Officers to take any and all action as such Authorized Officers may deem appropriate to effect and carry out the Financing and any other transactions contemplated by the DIP Agreement and the other Financing Documents to which the Company and any Subsidiary is a party, subject to approval by the bankruptcy court;

NOW THEREFORE, BE IT RESOLVED, that the Financing, and any transactions

contemplated thereby, effected pursuant to the terms of the DIP Agreement and the other Financing Documents, are hereby in all respects approved, adopted, ratified and confirmed; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, for and in the name and on behalf of the Company acting in the Applicable Capacities and without the joinder of any other person or entity, to effect the Financing, and any transactions contemplated thereby (including the Collateral Pledge), pursuant to the DIP Agreement and the other Financing Documents; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, for and in the name and on behalf of the Company acting in the Applicable Capacities and without the joinder of any other person or entity, to pledge, grant a security interest in and lien upon and assign, endorse, negotiate, deliver, or otherwise hypothecate or transfer to Agent, any and all Collateral now or hereafter held, owned, or controlled by the Company and any Subsidiary, and to perfect such security interests, in each case pursuant to the terms and conditions of the DIP Agreement and other Financing Documents; and further

RESOLVED, that the form, terms and provisions of the DIP Agreement and other Financing Documents to which the Company and any Subsidiary is a party, and the performance by the Company and each Subsidiary of its obligations thereunder, are hereby in all respects approved, adopted, ratified, and confirmed; and further

RESOLVED, that the Authorized Officers be, and each of them hereby is, authorized and empowered, for and in the name and on behalf of the Company acting in the Applicable Capacities and without the joinder of any other person or entity, to execute and deliver to the appropriate parties the DIP Agreement and the other Financing Documents, substantially in the form submitted to and reviewed by the Board, with such changes therein or additions thereto as the Authorized Officer executing the same shall approve, the execution and delivery of such agreements by such officer to be conclusive evidence of the approval of the Board thereof and all matters relating thereto; and further

RESOLVED, that the Board, acting on behalf of the Company acting in the Applicable Capacities in the exercise of its business judgment, has found that it is desirable and in the best interests of the Company and each Subsidiary and the interests of the Company's and each Subsidiary's creditors, shareholders and employees, and other interested parties, that the Company and each Subsidiary enters into and performs their obligations under the DIP Agreement and the other Financing Documents to which any of them is a party and any documents or agreement contemplated thereby; and further

**General Enabling Resolutions**

RESOLVED that the Authorized Officers be, and each of them hereby is, authorized and empowered, in the name and on behalf of the Company acting in the Applicable Capacities, to do and perform, or cause to be done and performed, all such acts, deeds and things, to make, execute, and deliver, or cause to be made, executed, and delivered, all such agreements,

guarantees, notes, evidences of borrowings, undertakings, documents, instruments and certificates as each such officer may deem necessary, appropriate, advisable or desirable to effectuate or carry out fully the purpose and intent of the foregoing resolutions; and further

RESOLVED that any and all actions heretofore taken by any officer of the Company, or any subsidiary or affiliate of the Company, in connection with the foregoing resolutions be, and hereby are, ratified and approved in all respects.

I hereby certify that the above-written resolution was adopted by the Board of Directors of GMX Resources Inc., an Oklahoma corporation as of the date first written above.

Michael J. Rohleder

## UNITED STATES BANKRUPTCY COURT
## WESTERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| In re: | ) | Chapter 11 |
|  | ) |  |
| GMX RESOURCES INC., | ) | Case No. 13-_____ (____) |
| DIAMOND BLUE DRILLING CO., | ) | Case No. 13-_____ (____) |
| ENDEAVOR PIPELINE INC. | ) | Case No. 13-_____ (____) |
|  | ) |  |
| Debtors. | ) | Joint Administration Requested |
|  | ) |  |

## CORPORATE OWNERSHIP STATEMENT

In accordance with rule 1007(a)(1) of the Federal Rules of Bankruptcy Procedure (the "Federal Bankruptcy Rules") and Local Bankruptcy Rule 1007-1(B), GMX Resources Inc. (the "Company") hereby states that no entity directly or indirectly owns 10% or more of any class of the Company's equity interests.

The Company owns 100% of Endeavor Pipeline Inc. and Diamond Blue Drilling Co. In addition, the Company owns a 60% membership interest in Endeavor Gathering, LLC. The Company does not own an interest in any general partnership. The Company does not own an interest in any limited liability partnership.

I, the undersigned authorized officer of the Company named as the debtor in this chapter 11 case, declare under penalty of perjury that I have reviewed the foregoing and that it is true and correct to the best of my knowledge, information and belief, with reliance on appropriate corporate officers.

Dated:  Oklahoma City, Oklahoma

April 1, 2013                GMX RESOURCES INC.

Name:  Michael J. Rohleder
Title:  President of GMX Resources Inc.

**EXHIBIT A TO VOLUNTARY PETITION**

9